IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIELLE NECOLE BLAKNEY                                             PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:12cv169 LG-JMR

COMMISSIONER OF SOCIAL                                             DEFENDANTS
SECURITY, ET AL

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte* in light of the failure of the Plaintiff to respond to the Court's Order of March 19, 2013 [7] which required that Plaintiff to show cause as why her claims against the Commissioner of Social Security and the Social Security Administration should not be dismissed without prejudice for failure to timely serve process.

Plaintiff's suit against the Commissioner arises under 42 U.S.C. §§ 405(g), 1383(c). In her Complaint [1], Plaintiff challenges the Commissioner's denial of her claim for social security benefits. Proceedings in this Court for review of actions by the Commissioner under Title 42 of the United States Code are governed by the Order entered by the Court on June 11, 2012 [5] which provided that Plaintiff must file and serve within 30 days after the filing of the Defendant's answer and transcript of the record a memorandum brief setting forth all of the errors plaintiff contends entitle her to relief [5].

On March 19, 2013, the Court issued an Order to Show Cause as why her claims against the Commissioner of Social Security and the Social Security Administration should not be dismissed without prejudice for failure to timely serve process. Fed. R. Civ. P. 4 (m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff filed this lawsuit on May 30, 2012 [1]. Pursuant to Rule 4(m), her deadline for serving the Defendants was September 30, 2012. While Plaintiff has sought summons from the Clerk of Court, there is no indication that summons were ever executed nor have any additional pleadings been filed since June 22, 2012. As a result, Plaintiff was ordered to show cause on or prior to April 8, 2013 as to why her claims against these Defendants should not be dismissed for failure to timely serve process. Plaintiff was cautioned that failure to prosecute or comply with this Court's Order and/or failure to keep the Court informed of her current address could result in dismissal of this lawsuit. Moreover, the Court's Order informed the Plaintiff that if she needed legal assistance, she could contact the Mississippi Bar Association at 601-948-4471. The Court's Order was sent by certified mail to the Plaintiff at her last known address. The certified mail was returned to the Court marked "Return to Sender - unclaimed - unable to forward" [8]. Plaintiff has not responded to the

Court's March 19, 2013 Order [7].

Rule 41(b) provides that a case may be dismissed with prejudice because of failure to prosecute. Not only may a district court dismiss for lack of prosecution upon the motion of the defendant, but it may also dismiss an action upon its own motion whenever necessary to "achieve the orderly and expeditious disposition of cases." Link v. Wabash RR Co., 370 U.S. 626 (1962); Anthony v. Marion County Gen. Hosp., 617 F.2d 1164 (5th Cir. 1980).

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. Ford v. Sharp, 758 F.2d 1018 (5th Cir. 1985); Rogers v. Kroger Co., 669 F.2d 317 (5th Cir. 1982); Natural Gas Pipeline Co. of American v. Energy Gathering,Inc., 2 F.3d 1397 (5th Cir. 1990). On appeal, a decision to dismiss under Rule 41(b) is limited to reversal for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976); Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980).

Therefore, the Court having considered all the evidence before it, recommends that the case be dismissed with prejudice under Rule 41(b) as Plaintiff has failed to respond to the Court's Order of March 19, 2013 [7].

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing

objections must specifically identify those findings, conclusions and/or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and/or recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of August, 2013.

                                       /s/ *John M. Roper, Sr.*
                            CHIEF UNITED STATES MAGISTRATE JUDGE