IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DANIELLE NECOLE BLAKNEY**                                       **PLAINTIFF**

v.                                                      **CAUSE NO. 1:12CV169-LG-JMR**

**COMMISSIONER OF SOCIAL SECURITY**
**and SOCIAL SECURITY ADMINISTRATION**                  **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the Report and Recommendation [9] entered by Chief United States Magistrate Judge John M. Roper, Sr., on August 1, 2013. Judge Roper recommends that this social security appeal be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to respond to an Order to Show Cause [7]. The plaintiff Danielle Necole Blakney did not file an objection to the Report and Recommendation and the time for doing so has expired.

### DISCUSSION

Where no party has objected to the Magistrate Judge's proposed findings of fact and recommendations, the court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the court need only satisfy itself that there is no clear error on the face of the record. *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Blakney filed this social security appeal on May 30, 2012. She was granted leave to proceed in forma pauperis on June 1, 2012. A summons was issued on June

22, 2012, but there is no indication that the summons was ever served. On March 19, 2013, Judge Roper entered an Order [7] requiring Blakney to show cause why her lawsuit should not be dismissed for failure to timely serve process. Blakney did not respond to the Order to Show Cause and the copy of the Order mailed to Blakney was returned to the Court marked "unclaimed - unable to forward."

On August 1, 2013, Judge Roper entered the present Report and Recommendation in which he recommends dismissal with prejudice for failure to respond to the Order to Show Cause pursuant to Fed. R. Civ. P. 41(b). Once again, Blakney did not file a response, and the copy of the Report and Recommendation sent to Blakney was returned to the Court marked "unclaimed - unable to forward."

Judge Roper correctly noted that this Court may dismiss this lawsuit for failure to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This Court may also dismiss a lawsuit for failure to timely serve process after first providing notice to the plaintiff. *See* Fed. R. Civ. P. 4(m).

"If the effect of a dismissal without prejudice prevents or arguably may prevent the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations, the dismissal may operate as a dismissal with prejudice." *Woods v. Social Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (citing *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir, 1996)). Dismissal of a social security appeal pursuant to Fed. R. Civ. P. 4(m) and 41(b) likely operates as a

dismissal with prejudice pursuant to 42 U.S.C. § 405(g). *Id.*

> Dismissal of an action with prejudice is permitted only upon a showing of a "clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) . . . . Because dismissal is an "extreme sanction," dismissals with prejudice usually involve the presence of one or more of the following aggravating factors: "(1) delay attributable directly to the plaintiff, rather than [the] attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Id.*

*Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013).

There is a clear record of delay in the present case justifying dismissal with prejudice. Blakney was warned in this Court's Order [3] granted her Motion to Proceed In Forma Pauperis that failure to serve process within 120 days could result in dismissal of her lawsuit, but there is no indication that she ever did so. Furthermore, Blakney has not taken any action to prosecute her lawsuit since June 22, 2012. She has apparently moved without notifying the Court of her new address; thus, lesser sanctions are not available to the Court due to its inability to contact her. Finally, the delay is clearly attributable to Blakney since she is a pro se plaintiff, and her conduct appears to be intentional, since she has abandoned her lawsuit.

Having conducted the required review, the Court finds that Judge Roper's Report and Recommendation proposing dismissal with prejudice for failure prosecute is neither clearly erroneous nor contrary to law. Therefore, the Court finds that the Report and Recommendation entered by Judge Roper should be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [9] entered by Chief United States Magistrate Judge John M. Roper, Sr., on August 1, 2013, is **ADOPTED** as the opinion of this Court.  This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 20th day of December, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE